# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

LAWRENCE E. RUSSELL and MARY J. RUSSELL,

    Plaintiffs,

vs.

HOWMEDICA OSTEONICS CORP.,

    Defendant.

No. C 06-4078-MWB

**ORDER**

_____

This matter comes before the court pursuant to the defendant's January 22, 2008, Motion For Summary Judgment (docket no. 59) and pursuant to the defendant's April 15, 2008, Appeal And Objection To The Magistrate's Order Denying Its Motion To Exclude The Testimony Of Mari S. Truman (docket no. 80). Both matters have now been fully briefed and are now fully submitted.

In its Motion For Summary Judgment, the defendant contends that summary judgment is warranted, because the plaintiffs do not have competent and reliable expert testimony to support any of their products liability claims. In its Appeal And Objection, the defendant contends that Chief United States Magistrate Judge Paul A. Zoss erred by failing to exclude the testimony of the plaintiff's causation expert in accordance with Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny. Thus, if the court affirms Judge Zoss's ruling, it will also deny the defendant's motion for summary judgment, because the premise of the summary judgment motion will have failed. Under these circumstances, the court will begin its consideration of the pending matters with its review of Judge Zoss's ruling.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, "[t]he district judge in the case must consider timely objections [to a magistrate judge's ruling on nondispositive matters] and modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). Here, the court finds that Judge Zoss's denial of the defendant's motion to exclude one of the plaintiff's expert witnesses, Mari S. Truman, is neither clearly erroneous nor contrary to law. Although the court agrees with the defendant (and, for that matter, with Judge Zoss) that Ms. Truman's opinions are fraught with problems, the court does not find that Judge Zoss abandoned his "gatekeeper" function in ruling that Ms. Truman's opinions are nevertheless admissible. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) (the role of the trial judge is to act as "gatekeeper" admitting expert testimony only if it is both relevant and reliable). Judge Zoss found, in essence, that Ms. Truman's opinions are based on "connecting the dots" among the findings and conclusions of others. This court believes that such an exercise is a valid basis for an expert's opinion. Moreover, "'[t]he gatekeeper role should not . . . invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence.'" *United States v. Vesey*, 338 F.3d at 913, 917 (8th Cir. 2003) (citing *Arkwright Mut. Ins. Co. v. Gwinner Oil Co.*, 125 F.3d 1176, 1183 (8th Cir. 1997)). Judge Zoss's refusal to bar the gate to Ms. Truman's testimony properly assessed her opinions and properly left to the jury issues appropriate for the jury to decide. Consequently, the court will overrule the defendant's objections and affirm Judge Zoss's ruling. Ms. Truman's opinions will be admissible at trial.

Turning to the defendant's Motion For Summary Judgment, as noted above, that motion asserts that summary judgment is warranted, because the plaintiffs lack competent expert evidence to sustain their products liability claims, if Ms. Truman's testimony is

2

excluded. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *see also Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1982 (2007) (motions for summary judgment essentially "define disputed facts and issues and . . . dispose of unmeritorious claims [or defenses]"). However, because the court will not exclude Ms. Truman's expert opinions as a matter of law, the plaintiffs do have evidence to support their claims. Consequently, the court will also deny the defendant's Motion For Summary Judgment.

THEREFORE, upon the foregoing,

1. The defendant's April 15, 2008, Appeal And Objection To The Magistrate's Order Denying Its Motion To Exclude The Testimony Of Mari S. Truman (docket no. 80) is **overruled**, and Judge Zoss's April 2, 2008, Order On Motion To Exclude Testimony Of Mari S. Truman (docket no. 77) is, consequently, **affirmed**; and

2. The defendant's January 22, 2008, Motion For Summary Judgment (docket no. 59) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 8th day of May, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA